Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 N. 9th St., ste. 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Kaylyn Franks,<br><br>        Plaintiff<br><br>v.<br><br>United States Department of Agriculture, Sonny Purdue as Secretary of United States Department of Agriculture, in Both His Individual and Official Capacities, Mark Samson, in His Official Capacity as the Former State Executive Director for the United States Department of Agriculture/Farm Services Agency in Idaho, and John/Jane Does I-X, whose true identities are presently unknown,<br><br>        Defendants | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Kaylyn Franks, by and through her attorney of record, Jason R.N. Monteleone of Johnson & Monteleone, L.L.P., and, for cause(s) of action against Defendants, alleges, avers, and states as follows relative to her claims and causes of action against Defendants for gender discrimination and employment retaliation for engaging in activities as set forth in and protected by the Title VII of the Civil Rights Act

of 1964, 42 U.S.C. 2000e-5, *et seq.*, as amended, as well as for violation of her First Amendment civil rights, as secured by 42 U.S.C. §1983:

## JURISDICTION

1.   The United States District Court for the District of Idaho has subject matter jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

## VENUE

2.   The United States District Court for the District of Idaho is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions given rise to Plaintiff's claims, occurred in this district.

## PARTIES

3.   Plaintiff, Kaylyn Franks is a long-time employee of United States Department of Agriculture and, at all times relevant herein was, and is currently a resident of Boise, Ada County, Idaho.

4.   Defendant, United States Department of Agriculture ("USDA") is a federal agency entrusted with administering various, federal, agricultural programs, including the Farm Services Agency ("FSA") in Idaho, which was the division of the USDA with whom Plaintiff has been and currently is employed.

5.   Defendant, Sonny Purdue, is the current Secretary of the USDA and is being sued in both his individual and official capacities.

COMPLAINT AND DEMAND FOR JURY TRIAL -- 2

6.     Defendant, Mark Samson, in was the former State Executive Director for the United States Department of Agriculture/Farm Services Agency ("USDA/FSA") in Idaho

7.     At all times relevant to this action, John/Jane Does I through X, whose true identities are presently unknown ("the Doe Defendants"), Defendants, are now and at all times relevant to this action were entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of the Defendants specifically identified herein or are entities or individuals acting on behalf of, in a master/servant or principal/agent relationship with, or in concert with Defendants named herein.

8.     At all times relevant to the events described herein, all Defendants were acting under color of state law and are thus sued in the individual as well as official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

10.    Plaintiff has been an employee of the USDA/FSA for approximately thirty-six (36) years with her employment beginning on August 5, 1982.

11.    Plaintiff's current position with the USDA/FSA is Senior District Director, and she has held that position for the last three (3) years.

12.    Of the four (4) District Directors for the USDA/FSA in Idaho, Plaintiff is the only female.

COMPLAINT AND DEMAND FOR JURY TRIAL -- 3

13.    During the past two to three years of her employment with USDA/FSA, Plaintiff has been subjected to discrimination based on gender and has been retaliated against for raising legitimate concerns of gender discrimination in the workplace.

14.    Some examples of the gender discrimination to which Plaintiff has been subjected include, but are not limited to, the following:

   a.    On May 3, 2017, during a Leadership Meeting, a prior District Director publicly divulged negative, confidential information regarding Plaintiff's past performance as a District Director for the USDA/FSA;

   b.    On January 19, 2017, Plaintiff was denied an *ad hoc* telework agreement, when similarly-situated, male counterparts were allowed such telework agreements;

   c.    On October 5, 2016, Plaintiff was reprimanded for an alleged failure to adhere to the travel voucher policies of the USDA/FSA, when similarly-situated, male counterparts were not reprimanded for committing the same alleged violations;

   d.    During Plaintiff's performance review for fiscal year 2016, Defendants failed to recognize some of her significant accomplishments, and she received a lower performance rating than was deserved;

   e.    On Various occasions, including in April 2016, Plaintiff's travel authority was limited, she was required to request approval for a privately-owned vehicle ("POV"), and approvals of her requested travel vouchers were

delayed, while her similarly-situated, male counterparts were not subjected to such conduct and had their requested travel vouchers timely approved;

f.   On various dates in 2016, Defendants denied Plaintiff's repeated requests for additional staffing and undermined her efforts to improve her district offices, while similarly-situate, male counterparts were not subjected to the same difficulties and were granted additional staffing to meet the needs of their respective offices;

g.   Defendants denied Plaintiff the opportunity to participate in a conference call with officials regarding late crop reports and disregarded her memorandum to address this issue and propose changes that would improve this issue;

h.   Defendants ignored Plaintiff's requests to include her staff's significant farming duties, which resulted in understaffing and criticism of Plaintiff's job performance, though Defendants did not ignore the staffing needs of Plaintiff's similarly-situated, male counterparts;

i.   Defendants would not allow Plaintiff to attend official visits to Native American reservations, which were being made on behalf of the USDA/FSA, though Plaintiff's similarly-situated, male counterparts regularly participated in these official visits to the reservations;

j.   Defendants would ignore Plaintiff's requests for guidance on hiring and staffing, though Defendants would not ignore such requests from Plaintiff's similarly-situated, male counterparts;

**COMPLAINT AND DEMAND FOR JURY TRIAL -- 5**

k.  Defendants ignored Plaintiff's repeated requests for assistance with her late crop reports, and she was told to figure it out herself; Defendants did not take this approach with Plaintiff's similarly-situated, male counterparts;

l.  Defendants threatened to remove all vehicles from Plaintiff's district as a result of her enquiries into the reimbursement policies and rules relative to late filing fees;

m.  Defendants regularly chastised Plaintiff for making legitimate enquiries into how to perform her job duties, though Defendants would not take such an approach with Plaintiff's similarly-situated, male counterparts;

n.  Defendants would make random enquiries into Plaintiff's reporting of her time and attendance reports, though Defendants would not take such an approach with Plaintiff's similarly-situated, male counterparts;

o.  Defendants would not notify Plaintiff of various visits which were made by upper management to Plaintiff's offices, though Defendants would not take such an approach with Plaintiff's similarly-situated, male counterparts;

p.  Defendants regularly failed to recognize Plaintiff's notable, professional accomplishments, though Defendants would not take such an approach with Plaintiff's similarly-situated, male counterparts;

q.  Defendants' management avoided communicating with Plaintiff on the phone, sent condescending e-mails to her, and responded to her in meetings and conference calls in a condescending manner, though Defendants would not take such an approach with Plaintiff's similarly-situated, male counterparts;

**COMPLAINT AND DEMAND FOR JURY TRIAL -- 6**

r.  On January 18, 2017, Defendants' management made false comments about Plaintiff which materially and substantively affected her position, though Defendants would not take such an approach with Plaintiff's similarly-situated, male counterparts; and

s.  On January 19, 2017, during an official meeting, Defendants' management, specifically Mark Samson (the former State Executive Director of the USDA/FSA in Idaho) publicly and specifically advised Plaintiff to refrain from filing any discrimination complaints against the new, incoming leadership for the USDA/FSA in Idaho.

15.  Plaintiff has exhausted her administrative remedies prior to filing the instant action.

16.  As a direct and proximate cause of the gender discrimination and retaliation to which Plaintiff has been subjected by Defendants, Plaintiff has suffered damages, both economic and noneconomic in nature, in amounts to be determined at trial.

17.  Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that the attorney fees and litigation costs associated with this representation be paid by Defendants.

**FIRST CAUSE OF ACTION – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-5, *et seq.***

18.   Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba.*

19.   Defendants' disparate treatment of Plaintiff was based on Plaintiff's gender and is set forth, in part, in ¶¶14(a)-14(s), *supra.*

20.   The actions of Defendants in discriminating against Plaintiff because of her gender are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5, *et seq.,* which prohibit discrimination in employment on the basis of gender.

21.   Plaintiff is entitled to recover damages, including back, front pay, back benefits, front benefits, compensatory damages, and punitive damages due to Defendants' discriminatory conduct on the basis of gender.

22.   As a direct and proximate result of the illegal acts and omissions of Defendants, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

23.   As a direct and proximate result of the illegal acts and omissions of Defendants, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proved at trial.

24.   Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that the attorney fees and litigation costs associated with this representation be paid by Defendants.

## SECOND CAUSE OF ACTION – EMPLOYMENT RETALIATION IN VIOLATION OF CIVIL RIGHTS ACT OF 1964, AS AMENDED

25.   Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

26.   Plaintiff engaged in protected activities, when she raised legitimate concerns and complaints of gender discrimination in the workplace.

27.   Defendants took negative, tangible employment actions against Plaintiff for having raised legitimate concerns and complaints of gender discrimination in the workplace.

28.   Plaintiff's actions and conduct in having raised legitimate concerns and complaints of gender discrimination in the workplace caused Defendants to take negative employment actions against Plaintiff and to retaliate against her in the employment context, which have caused Plaintiff to suffer damages, both special and general in nature as well as both economic and noneconomic.

29.   As a direct and proximate result of the illegal acts and omissions of Defendants, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

30.   As a direct and proximate result of the illegal acts and omissions of Defendants, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proved at trial.

31.   Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that the

attorney fees and litigation costs associated with this representation be paid by Defendants.

### THIRD CAUSE OF ACTION -- VIOLATION OF PLAINTIFF'S FIRST AMENDMENT CIVIL RIGHTS (42 U.S.C. §1983)

32. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

33. On January 19, 2017, during an official meeting, Defendants' management publicly and specifically advised Plaintiff to refrain from filing a discrimination complaint against the new leadership for the USDA/FSA offices in Idaho.

34. The conduct set forth in the prior paragraph was not only illegal retaliation, it was a violation of Plaintiff's civil rights guaranteed by the First Amendment to the United States Constitution.

35. Defendant, Mark Samson, while acting under color of state law, deprived Plaintiff of certain rights, privileges, and/or immunities which were secured by the United States Constitution and other laws.  This deprivation of rights, privileges, and/or immunities caused Plaintiff to suffer damages.  Specifically, Defendants, including specifically Mark Samson, deprived Plaintiff of her First Amendment right to free speech, under the United States Constitution, as well as equal protection under the law as mandated by the Fourteenth Amendment to the United States Constitution.

36. As a direct and proximate result of the deprivation of rights, privileges, and/or immunities due Plaintiff, Plaintiff has suffered special and general damages and is entitled to an award of punitive damages.  Plaintiff has suffered pain and

suffering, emotional distress, mental anguish, and other general damages due to Defendants' tortious conduct in violating her civil rights.

37. Defendant, Mark Samson, will not enjoy qualified immunity in this litigation, because they acted in direct contravention and violation of clearly-established law.

38. As a direct and proximate result of the illegal acts and omissions of Defendants, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

39. As a direct and proximate result of the illegal acts and omissions of Defendants, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proved at trial.

40. For the violation of her First Amendment rights, Plaintiff is entitled to an award of punitive damages prusuant to 42 U.S.C. §1981a.

41. Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that the attorney fees and litigation costs associated with this representation be paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's special and general damages in amounts which may be proven at trial and which meet the jurisdictional threshold of the District Court;

2.      For costs of the action incurred herein;

3.      For reasonable attorney fees to be determined by the Court; and

4.      For such other and further relief, as this Court deems just, equitable, and

        proper in the premises.


DATED:  This  12 th day of April, 2018.


JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiff


## **DEMAND FOR JURY TRIAL**

        Pursuant to F.R.C.P. 38(b), Plaintiffs hereby demand a trial by jury on any and all

issues properly triable by jury in this action.


DATED:  This  12 th day of April, 2018.


JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiff