UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAYLYN FRANKS,<br><br>           Plaintiff,<br><br>           v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE, SONNY PURDUE as Secretary of the United States Department of Agriculture, in both his individual and official capacities, MARK SAMSON, in his official capacity as the former State Executive Director for the United States Department of Agriculture/Farm Services Agency in Idaho, and JOHN/JANE DOES I-X, whose true identities are presently unknown,<br>           Defendants. | Case No. 1:18-cv-00161-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter is the Defendants' Motion to Dismiss. (Dkt. 9.) The Motion is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided based on the record.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Kaylyn Franks, is a long-time employee of the Farm Services Agency (FSA), a division of the United States Department of Agriculture (USDA) (collectively USDA/FSA). Ms. Franks brings this action against her employer, naming as Defendants the agency as well as particular persons in both their official and individual capacities, alleging gender discrimination, retaliation, and violation of her First Amendment rights. (Dkt. 1.) Specifically, Ms. Franks alleges for the past two to three years she has been subjected to gender discrimination and been retaliated against for raising legitimate concerns regarding her gender discrimination in the workplace. The discrimination and retaliation claims are made under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 et seq., and the First Amendment claim is brought pursuant to 42 U.S.C. § 1983.

Defendants filed the instant Motion seeking dismissal of the § 1983 claim, the USDA, Defendant Sonny Purdue in his individual capacity, Defendant Mark Samson, and Paragraph 8 of the Complaint. (Dkt. 9.) No response has been filed and the time for doing so has passed.[1]

## STANDARD OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's

---

[1] Under Local Civil Rule 7.1(e) the failure to file a timely response "may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." The Court deems the Plaintiff's failure to respond in this case to constitute her consent to the granting of the Motion to Dismiss. Regardless, the Court has considered the merits of the Motion and determined the Motion should be granted for the reasons stated herein.

inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

## DISCUSSION

**1.    Third Cause of Action:  § 1983 Claim**

Ms. Franks alleges Defendants violated her First Amendment rights by advising her to refrain from filing a discrimination complaint against the new leadership for the USDA/FSA offices in Idaho. The named Defendants are all federal actors; i.e. the USDA/FSA and employees or former employees of the USDA/FSA.

Section 1983 provides a cause of action for violations of constitutional and federal statutory rights. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Dismissal of a § 1983 claim is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe*, 789 F.3d at 1036.

Ms. Frank's § 1983 claim here fails to allege facts plausibly suggesting any constitutional violation committed by a person acting "under color of state law." Rather, the conduct complained of are actions allegedly taken by a federal agency and federal actors. Such actions, by definition, fail to satisfy § 1983's under color of state law requirement. Section 1983 only provides a cause of action against persons acting under color of state law, thereby precluding liability for a federal government actor. *Ibrahim v. Dept. of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("[S]ection 1983 only provides a remedy against persons acting under color of state law."). The Court therefore grants the Motion to Dismiss as to the § 1983 claim. For the same reason, the Court grants the Motion as to Paragraph 8 of the Complaint which alleges that "all Defendants were acting under color of state law." There is no plausible basis for the allegation that the federal Defendants acted "under color of state law."

Moreover, the Court finds Ms. Franks cannot amend her Complaint to add a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* ("[N]o Bivens-like cause of action is available against federal agencies

or federal agents sued in their official capacities."); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976) (Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."); *Saul v. United States*, 928 F.2d 829, 841-42 (9th Cir. 1991) (The Civil Service Reform Act is the comprehensive scheme governing federal employee's challenges to prohibited personnel practices by their supervisors which precludes other employment related tort actions.).

Accordingly, the Defendants' Motion to Dismiss the § 1983 claim and Paragraph 8 of the Complaint is granted. The dismissal is with prejudice because the § 1983 claim arises strictly out of allegations regarding conduct by a federal agency and federal employees taken pursuant to federal law; not under the color of state law.

**2.     Defendants Sonny Purdue and Mark Samson**

The Complaint raises claims against Defendant Sonny Purdue as the Secretary of the USDA in both his individual and official capacities and against Defendant Mark Samson in his official capacity as the former State Executive Director for the USDA/FSA in Idaho. (Dkt. 1 at ¶¶ 5-6.) Defendants seek to dismiss the claims as to Purdue in his individual capacity and as to Samson. (Dkt. 9.)

Under Title VII, only the current head of the agency or department in which the alleged discriminatory acts occurred may be sued, and only in his or her official capacity. *See* 42 U.S.C. § 2000e-16(c) (The defendant in a Title VII case filed by a federal employee "shall be the head of the department, agency, or unit."); *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 n. 4 (9th Cir. 1981) ("Title VII provides that actions based upon federal employment discrimination are to be brought against the director of the agency

concerned."). Ms. Frank's Title VII claims, therefore, can only be made against Defendant Purdue in his official capacity. The USDA itself, Samson as the former director, and Purdue in his individual capacity are not proper defendants on the Title VII claims. *Id.* Accordingly, the Court dismisses those Defendants from this action with prejudice.

3.      **Leave to Amend**

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F .3d 1051, 1055 (9th Cir. 2009).

Leave to amend to cure the claims and Defendants dismissed in this Order would be futile in this case. As a matter of law, Plaintiff cannot maintain a § 1983 claim against the federal Defendants nor a Title VII claim against the USDA itself, Defendant Purdue in his individual capacity, or Defendant Samson as a former director of the USDA. Therefore, no leave to amend is granted.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt. 9) is **GRANTED** as follows:

1. Plaintiff's Third Cause of Action is **DISMISSED WITH PREJUDICE**.

2. The United States Department of Agriculture, Defendant Sonny Purdue in his individual capacity, and Defendant Mark Samson are **DISMISSED WITH PREJUDICE**.

3. Paragraph 8 of the Complaint is **STRICKEN**.

4. Defendants are directed to file their Answer to the remaining claims in the Complaint on or before **September 14, 2018**.[2]

5. The parties shall file a Litigation Plan and a Discovery Plan in accordance with the Local Civil Rules and as directed in the Court's Prior Litigation Order (Dkt. 3) on or before **September 21, 2018**. If necessary, the Court will conduct a Telephone Scheduling Conference on **September 28, 2018 at 10:00 a.m.** mountain time as directed in the Litigation Order. (Dkt. 3.)

DATED: August 15, 2018

_Edward J. Lodge_
Honorable Edward J. Lodge
U.S. District Judge

---

[2] The Court notes this date is shorter than the sixty (60) days provided for the United States to file its Answer under Rule 12(a)(2). Because the United States was served some time ago and the length of time this matter has been pending, the Court finds September 14, 2018 is consistent with Rule 12(a)(2) and a sufficient amount of time for the United States to file its Answer.